IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAUL A. WALKER, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 15-549-GMS |
| | ) | |
| DETECTIVE GLIEM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff, Paul A. Walker, II ("Walker"), appears *pro se* and was granted permission to proceed *in forma pauperis*. (D.I. 4.) Walker filed this lawsuit alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.[1] (D.I. 2.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. BACKGROUND

Walker alleges that on June 27, 2013, while driving his car, he was pulled over by the defendant detective Dudzinski ("Dudzinski"). The defendant detective Gliem ("Gliem") arrived shortly thereafter and began shouting at Walker. More officers arrived. Walker removed his seatbelt and was forcefully removed from his vehicle. He alleges that Gliem punched, kneed, struck him in the ribs, swept his legs out from under him causing him to hit the ground face first, and choked him. Walker alleges that Dudzinski wrenched his arm and encouraged Gliem to tase Walker while he was face-down on the ground. Walker was cuffed and shackled, and he alleges

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

that Gliem kneed him in the back and accused him of attempt to take his gun. Walker was placed in a police car. He alleges that the defendant State police officer Lewis ("Lewis") surrounded him and verbally abused him.

The complaint contains 6 six counts: (1) Counts 1 and 3 allege that Gliem and Dudzinski used excessive force in violation of Walker's Fourth Amendment rights; (2) Counts 2 and 4 allege that Gliem and Dudzinski committed battery against Walker; (3) Count 5 raises false imprisonment claims against Gliem, Dudzinski, and Lewis; and (4) Count 6 alleges that the defendant the State of Delaware failed to properly supervise and train its police officers, and it has a policy or custom of failing to properly investigate alleged incidents of excessive force. Walker seeks compensatory and injunctive relief.

## III. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Walker proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v.*

*Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Walker leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, \_U.S.\_, 135 S.Ct. 346, 347 (2014); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the Court must: (1) outline the elements a plaintiff must plead to a state a claim for

3

relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted) (citing *Iqbal*, 556 U.S. at 679; *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 73 (3d Cir. 2011)). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

The State of Delaware is named as a defendant. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Delaware is immune from suit under the Eleventh Amendment. Therefore, the court will dismiss Count 6 raised against the State of Delaware pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

## V. CONCLUSION

Walker will be allowed to proceed with his excessive force and battery claims against Gliem and Dudzinski and his false imprisonment claims against Gliem, Dudzinski, and Lewis. The court will dismiss all claims against the State of Delaware as it is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

Sept 14, 2015
Wilmington, Delaware

4